**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Adele J. Pope, Appellant,

v.

Alan Wilson, in his capacity as Attorney General of South Carolina, Respondent.

Appellate Case No. 2021-000518

---

Appeal From Richland County
Clifton Newman, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-160
Heard April 2, 2024 – Filed May 8, 2024

---

**AFFIRMED**

---

Adam Tremaine Silvernail, of Law Office of Adam T. Silvernail, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Solicitor General Robert D. Cook, and Deputy Solicitor General J. Emory Smith, Jr., all of Columbia, for Respondent.

---

**PER CURIAM:**  In this case filed under the Freedom of Information Act (FOIA),[1] Adele J. Pope appeals the circuit court order granting Alan Wilson, in his capacity as Attorney General of South Carolina (the AG), judgment on the pleadings, arguing (1) the circuit court had subject matter jurisdiction; (2) the circuit court should direct the AG to respond to her FOIA request; (3) discovery proceedings in another pending case did not exempt the requested documents; (4) the AG should produce certain trust documents; (5) she is entitled to attorney's fees and costs; and (6) the FOIA noncompliance violated due process rights.  We affirm.

**FACTS**

Pope filed this action on August 3, 2011.[2]  The complaint alleged Pope sent FOIA requests to the AG on June 30, 2011, seeking drafts of the James Brown Legacy Trust (the Trust) and copies of all communications between the AG's office and Russell L. Bauknight, the trustee of the Trust.  The complaint also alleged the requests were sent to the AG, the Trust, and Kenneth Wingate of Sweeney, Wingate & Barrow, PC (the Wingate Firm) as counsel for the AG and the Trust.  In an August 5, 2011 letter responding to Pope's six other FOIA requests, Senior Assistant Attorney General Tracy Meyers referenced the June 30 request, stating:

> I have also been notified by attorneys in the Civil Division of the [AG] that you refer to a request dated June 30, 2011[,] in a motion filed by you in a South Carolina circuit court case.  Please be advised the only direct requests I have received from you during the June to August 2011 time period are the six referenced above.  If there is a request dated in June 2011 that was not received by this Office, but that you represent you drafted and sent on June 30, 2011, if you will forward it to me within the next five (5) business days, I will expedite the response to it.

Meyers also swore by affidavit that incoming FOIA requests to the AG are sent to her and she never received the request.

By orders filed June 20 and June 24 of 2016, the circuit court granted motions to dismiss the complaint filed by the Trust and the AG.  On appeal, this court

---

[1] S.C. Code Ann. §§ 30-4-10 to -165 (2007).

[2] The action was filed in Newberry County and transferred to Richland County.

reversed and remanded on the issue of whether Pope's FOIA request was subordinate to discovery rules. *Pope v. Wilson*, Op. No. 2019-UP-219 (S.C. Ct. App. filed June 19, 2019). The opinion also directed the circuit court to dismiss the Trust as a defendant; rejected the AG's argument of mootness, finding "there still exists an actual controversy concerning the AG's compliance with Pope's FOIA request;" and as to attorney's fees, found the issue was premature. *Id.* The court noted, "With the exception of mootness, we decline to address the [AG's] additional sustaining grounds."[3] *Id.* at n.2. This court denied the parties' petitions for rehearing and our supreme court denied Pope's petition for certiorari.

On remand, the circuit court dismissed the Trust from the matter. In her prehearing brief, Pope argued this court's opinion found there remained a controversy regarding whether the AG had fully responded to her FOIA request; the circuit court should direct the AG to respond; and she was entitled to attorney's fees. In its prehearing brief, the AG argued, *inter alia*, Pope had no claim under FOIA because it never received her request.[4]

The circuit court held a hearing on November 19, 2020. Pope argued this court declined to address the AG's argument that it never received the request; thus, it "[did] away with that argument." Pope argued the issue remanded by this court required the AG to "point to the specific language of a discovery rule that expressly prohibits disclosure of a particular type of record rather than vaguely referencing discovery." As to the AG's failure to receive a request, Pope argued the FOIA "doesn't prescribe very much about the form or fashion in which the written request must be received," and the AG received its summons and complaint no later than August of 2011, with the request attached. Pope also argued the AG had waived the argument that it did not receive the request and she had "always

---

[3] One of the AG's additional sustaining grounds was that it had never received the FOIA request.

[4] The AG raised this issue in a Motion to Amend its Motion to Dismiss, filed in December of 2012. At the hearing on remand, the AG stated "the [circuit] court did not address other issues raised," and there remained pending "a motion to amend its motion to dismiss, a motion for judgment on the pleadings, [and a] motion to strike affidavits . . . ." The circuit court asked, "[W]hy hasn't there been a hearing on [the motion]?" Pope's counsel explained portions of the case were pending in the appellate courts. The court asked, "[Are you] saying the Court of Appeals should have ruled on this motion even though it wasn't before them?" Pope's counsel responded that the Court of Appeals declined to rule on the issue, which was raised by the AG as an additional sustaining ground.

taken the position that she mailed [the request] to [the AG] on June 30 of 2011 . . . and found out after filing this suit that they say they didn't receive it."[5]  The AG argued when Pope received its letter stating it had not received the request, Pope should have sent the request again.

By order filed April 1, 2021, the circuit court granted the AG's motion to amend its pending motion to dismiss and for judgment on the pleadings, finding Pope had no claim under the FOIA because her request was not received by mail or delivery as required by the FOIA.  Pope filed a motion to reconsider.  After a hearing, the court summarily denied the motion.  This appeal follows.

**LAW/ANALYSIS**

Pope argues the circuit court erred in dismissing her action based on the AG's lack of receipt of the request.  We disagree.

The circuit court found the following:

> The . . . [AG] never received the FOIA request by mail or delivery.  Attaching the request to this lawsuit over [an] alleged failure [to] respond to the request . . . is not sufficient to require a response under [the] FOIA.
>
> The authority to sue under [the] FOIA is limited to actions "to enforce the provisions of this chapter in appropriate cases . . . ."  §[]30-4-100.  Therefore, no basis exists for enforcement when no "receipt" of "written request" has occurred (§[]30-4-30(c)) . . . ."

Pope argues the AG showed its awareness of the request in Meyers's letter; the request was also sent to the Wingate Firm; the AG received the request as an attachment to the complaint; and the AG's initial motion to dismiss did not raise the failure to receive the request as a ground for dismissal.

Upon finding a FOIA violation, the circuit court "may order equitable relief as it considers appropriate, and a violation of this chapter must be considered to be an irreparable injury for which no adequate remedy at law exists."  S.C. Code Ann.

---

[5] Pope argued she did not receive Meyers's letter (dated August 5, 2011) until after she had filed this action (in Newberry County, filed August 3, 2011).

§30-4-100(a) (2007). Section 30-4-30(c) of the South Carolina Code (2007) provides, "Each public body, *upon written request for records made under this chapter*, shall within ten days . . . of the receipt of the request, notify the person making the request of its determination and the reasons for it . . . ."

"[T]he *receipt* of a request by the agency is the legally significant event that triggers the commencement of the FOIA request and that enables a requester, . . . who is dissatisfied with the agency response[,] to seek recourse from [the] courts." *Freedom Watch v. Bureau of Land Mgmt.*, 220 F. Supp. 3d 65, 69 (D.D.C. 2016). Where the defendants in *Freedom Watch* had not yet received the FOIA request, the court found the defendants "did not yet have an obligation to search for responsive records, [and] any challenge to the adequacy of Defendants' search for such responsive records [was] premature." *Id.* at 71. We likewise affirm the circuit court's finding that the AG did not receive the request as required under the FOIA and conclude the circuit court properly dismissed the action.

We decline to address Pope's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive). We also decline to address the AG's additional sustaining ground. *See I'On, L.L.C. v. Town of Mount Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("It is within the appellate court's discretion whether to address any additional sustaining grounds.").

**AFFIRMED.**

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**